THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, and STATE OF TEXAS, ex rel. SHATISH PATEL, M.D., HEMALATHA VIJAYAN, M.D., AND WOLLEY OLADUT, M.D.<br><br>**Plaintiffs,**<br><br>vs.<br><br>CATHOLIC HEALTH INITIATIVES, ST. LUKE'S HEALTH SYSTEM CORPORATION, ST. LUKE'S COMMUNITY DEVELOPMENT CORPORATION – SUGAR LAND, DAVID FINE, DAVID KOONTZ, and STEPHEN PICKETT,<br><br>**Defendants.** | § § § § § § § § § § § § § § § § § § § § | CIVIL ACTION NO. 4:17-CV-01817 |

### STATE OF TEXAS'S STATEMENT OF INTEREST IN RESPONSE TO DEFENDANTS' MOTION TO DISMISS

The State of Texas (hereinafter "Texas") files this Statement of Interest to correct statements made by Catholic Health Initiatives, St. Luke's Health System Corporation, St. Luke's Community Development Corporation-Sugarland, David Fine, David Koontz and Stephen Pickett (hereinafter "Defendants") in Defendants' Motion to Dismiss Relators' Original Complaint, accompanying Memorandum of Law in Support of Defendants' Motion to Dismiss Relators' Complaint (hereinafter "Defendants' Memorandum"), and Defendants' Reply Memorandum in Support of Defendants' Motion to Dismiss Relators' Original Complaint (hereinafter "Defendants' Reply"), regarding the proper legal interpretation of the Texas Medicaid Fraud Prevention Act, chapter 36 of the Texas Human Resources Code (hereinafter

1

"TMFPA"). Texas retains an interest in this matter, even though it has declined to intervene, because Texas is entitled to a portion of any proceeds of the TMFPA causes of action and because Texas has an ongoing interest in ensuring consistent and correct interpretation of the TMFPA.[1] Texas respectfully submits the following:

### I. Nature and Stage of the Proceeding.

Relators filed the Original Complaint on June 11, 2017. The United States and Texas filed a Notice of Election to Decline Intervention on August 14, 2017. On October 31, 2017, Defendants filed a Motion to Dismiss the Complaint under Rule 12(b)(6) and Rule 9(b) seeking, *inter alia*, dismissal of the TMFPA causes of action. Texas files this Statement of Interest to address the legal interpretation of the TMFPA in relation to the pending motion to dismiss.

### II. Issue Presented.

Do Defendants' arguments seeking Rule 12(b)(6) and Rule 9(b) dismissal of the FCA causes of action apply to the TMFPA causes of action where the TMPFA does not mirror the FCA nor require the presentation of a false claim to establish liability?[2]

### III. The plain language of the TMFPA controls the interpretation of the state law claims.

In matters involving state law, Federal courts apply the same law that would be applied by the highest court of that state. *Howe ex rel. Howe v. Scottsdale Ins. Co.,* 204 F.3d 624, 627 (5th Cir. 2000) (citing *Erie R. Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938)). In

---

[1] Texas's declination in this matter is not a comment on the merits of the case. *See* Tex. Hum. Res. Code § 36.104 (State's declination is merely notice of the State's decision whether to intervene.)

[2] Relators' and Defendants' memoranda concern the application of facts to the proper standards of review under Rule 12(b)(6) and Rule 9(b). Texas's Statement of Interest is not intended to be a comment on the evidence, but instead seeks to address the legal interpretation of the TMFPA.

2

Texas, the Texas Supreme Court held that to interpret statutes, "Our standard is to construe the statutes to effectuate the intent of the Legislature, with the language of the statute as it was enacted to be our guide unless the context or an absurd result requires another construction." *City of Rockwall v. Hughes*, 246 S.W.3d 621, 629 (Tex. 2008) (upholding the plain language of a statute). Consequently, the causes of action asserted under the TMFPA in this case must be analyzed according to the TMFPA's plain language, especially where that language differs from the federal False Claims Act (hereinafter "FCA").

Defendants incorrectly characterize the TMFPA as mirroring the FCA. *See* Defendants' Memorandum at 21 fn. 9. Defendants' analysis of Relators' TMFPA claims in their Memorandum is limited to a footnote citing two inapplicable cases that do not discuss or overrule the *Erie* requirements. *Id.* Defendants fail to recognize that the TMFPA differs substantially from the FCA in many of the areas relevant to this case. A key difference in relation to Defendants' pending Motion to Dismiss is that, unlike the FCA, the TMFPA does not require the presentment of a "false claim" to incur liability. Rather, the TMFPA sets out several unlawful acts that each proscribe specific conduct generally involving misrepresentations made to the Medicaid program. Tex. Hum. Res. Code §§ 36.002(1) - (13).[3]

It is incorrect to assert that the TMFPA and the FCA should be read as identical when the plain language of each statute shows significant differences that affect the elements that must be established for each cause of action.[4] The differences between the FCA and the TMFPA are material and must be carefully considered in applying Texas law to the specific facts of the case.

---

[3] The specific acts alleged in this case are discussed in Section IV.
[4] There are many other substantive differences between the two statutes, however, only the ones relevant to the pending motion are referenced in this Statement.

Defendants rely on two inapplicable cases in an attempt to support their assertion that the FCA and TMFPA should be construed similarly, *United States ex rel Carroll v. Planned Parenthood Gulf Coast Inc.*, 21 F. Supp. 3d 825, 830 (S.D. Tex. 2014) and *United States ex rel. Williams v. McKesson*, No. 3:12-CV-0371-B, 2014 WL 3353247 at *4, 6 (N.D. Tex. 2014). Significantly, in both of those cases, the parties <u>agreed</u> that the FCA and TMFPA would be construed similarly (without Texas's knowledge or participation) and did not provide the Court with the relevant statutory language or law showing the substantive differences between the statutes. Texas is not aware of any agreement concerning the interpretation of the TMFPA in this case, and even if there were such an agreement, it would not change the law or affect Texas's right to correct any misunderstandings of applicable law.  Defendants' arguments attempting to force language from the FCA into the TMFPA contravenes the controlling interpretation of the Texas Supreme Court that "Changing the meaning of [a] statute by adding words to it … is a legislative function, not a judicial function." *Id.* at 631; *Lippincott v. Whisenhunt*, 462 S.W.3d 507, 508 (Tex. 2015) ("A court may not judicially amend a statute by adding words that are not contained in the language of the statute.").

**IV.    Relators are not required to plead the submission of false claims under the TMFPA to meet the particularity requirements of Rule 9(b).**

In this case, Relators asserted causes of action for two categories of unlawful acts under the TMFPA. Relators' Original Complaint at ¶¶196 & 208.  The first category of TMFPA unlawful acts alleged provides for liability if a person "knowingly makes or causes to be made a false statement or misrepresentation of material fact to permit a person to receive a benefit or payment under the Medicaid program that is not authorized or that is greater than the benefit or payment that is authorized."   Tex. Hum. Res. Code § 36.002(1). The second category of TMFPA unlawful acts alleged provides for liability if a person "knowingly conceals or fails to disclose information

4

that permits a person to receive a benefit or payment under the Medicaid program that is not authorized or that is greater than the benefit or payment that is authorized." Tex. Hum. Res. Code § 36.002(2). The plain language establishing these causes of action does not require the presentation of a "false claim" to establish liability for either unlawful act. Additionally, there is no analogous language to either of these unlawful acts in the FCA that justifies construing these causes of action as identical to an FCA claim. *See, generally*, 31 U.S.C. §§ 3729(1)(A)-(G). Thus, Defendants' discussion of what constitutes a "false claim" under the FCA (*See* Defendants' Memorandum at section VI, ¶ A) does not apply to the causes of action asserted under the TMFPA.

Defendants allege that Relators failed to meet the particularity requirements of Rule 9(b) because Relators allegedly failed to plead the existence of factually "false claims" or legally "false claims" based on express or implied certifications. *See* Defendants' Memorandum at p. 3. Defendants' argument fails because, as noted above, the submission of false claims is not an element of any of the TMFPA unlawful acts plead in Relators' Original Complaint. *See*, Relators' Original Complaint at ¶¶196 & 208.

Defendants in their Reply Memorandum incorrectly contend that the TMFPA unlawful acts alleged "must be directly related to or in the course of, the submission of a claim." *See* Defendants' Reply at pg. 15. Since there is no such language in the TMPFA, Defendants' argument relies on improperly adding language to the TMFPA. As discussed above, the applicable standard for reviewing the TMFPA is the plain language of the statute as it was written. *City of Rockwall v. Hughes*, 246 S.W.3d at 629. As the Texas Supreme court noted, "Changing the meaning of [a] statute by adding words to it . . . is a legislative function, not a judicial function." *Id.* at 631. Defendants' position, which adds language to the elements of a TMFPA cause of action, violates the applicable Texas rules of statutory construction and is incorrect. *Id.*

Defendants' reliance on *Waldmann v. Fulp* in their Reply Memorandum is also mistaken. *Waldmann v. Fulp*, No. 7:13-CV-495, 2016 WL 9711525 (S.D. Tex. October 12, 2016). Defendants cite *Waldmann* for the proposition that the TMFPA unlawful acts alleged are connected to the submission of claims. *See* Defendants' Reply at pg. 15. Defendants are incorrect, however, because the *Waldmann* court's brief discussion of the TMFPA did not include any interpretation of the TMFPA unlawful acts as being "directly related to or in the course of, the submission of a claim" as Defendants allege. *See* Defendants' Reply at pg. 15. Instead, in *Waldmann*, the court faced the same issue as this case—defendants' failure to present arguments specific to the TMFPA unlawful acts alleged—and the court denied those defendants' motions for summary judgment. *Waldmann v. Fulp*, 2016 WL 9711525 at *39.

The state-based allegations in this case must be evaluated pursuant to the terms of the statute that gave rise to them, the TMFPA. Defendants' contentions that discuss the existence of factual or legal falsity under the FCA do not apply to the TMFPA unlawful acts plead by Relators because those elements are not required to establish liability under either unlawful act asserted.

**V. The FCA's false certification requirements do not apply to the TMFPA and Defendants' arguments concerning FCA materiality are therefore inapplicable to the TMFPA unlawful acts plead in the Complaint.**

Defendants' arguments concerning the FCA's materiality standard also are not relevant to the TMFPA unlawful acts alleged by Relators. Initially, Defendants acknowledge that the FCA's requirement for materiality applies only to FCA false certification claims. *See* Defendants' Memorandum at section VI, B(2)(b), p 28. Defendants fail to address how their analysis of the FCA materiality standard could apply to the TMFPA unlawful acts asserted here. Even if Defendants were to contend that a false certification theory's materiality standard applies to TMFPA unlawful acts, however, Defendants' argument would fail. As argued by Defendants, a

false certification theory pursued under the FCA requires evidence that a "defendant makes representations <u>in submitting a claim</u> but omits its violations of statutory, regulatory or contractual requirements . . ." *Universal Health Servs., Inc. v. U.S.*, 136 S.Ct. 1989, 1999 (2016) (emphasis added). Defendants' false certification argument is therefore dependent on the submission of a false claim. However, because the TMFPA unlawful acts alleged here do not require either a "false claim" or submission of a claim to incur liability, Defendants' arguments concerning the necessity of materiality to prove theories of false certification do not apply to the TMFPA causes of action.

### VI. Conclusion

If Defendants wish to challenge Relators' pleading of the causes of action asserted under the TMFPA, they must do so according to the plain language of the TMFPA. Otherwise, the result is a re-writing of a state statute contrary to the terms chosen by its Legislature, which is a both direct violation of the basic the rules of statutory construction and a disregard of the *Erie* doctrine.

Respectfully submitted,

KEN PAXTON
Attorney General of Texas

JEFFREY MATEER
First Assistant Attorney General

JAMES DAVIS
Deputy Attorney General for Civil Litigation

RAYMOND C. WINTER
Chief, Civil Medicaid Fraud Division

/s/ *Susan J. Miller*
SUSAN J. MILLER
Southern District Bar No. 1340309
Texas Bar No. 00794311
Assistant Attorney General

Case 4:17-cv-01817   Document 31   Filed on 12/06/17 in TXSD   Page 8 of 8

Office of the Attorney General
Civil Medicaid Fraud Division
P.O. Box 12548
Austin, Texas 78711-2548
Phone: (512) 475-4193
Fax:     (512) 936-0674
susan.miller@oag.texas.gov

**ATTORNEYS FOR THE STATE OF TEXAS**

Dated: December 6, 2017

**CERTIFICATE OF SERVICE**

I hereby certify the foregoing *State of Texas's Statement of Interest* was served through the Court, via the ECF system, and thereby served on counsel of record on this 6th day of December, 2017.

/s/ *Susan J. Miller*
Susan J. Miller