IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA and STATE OF TEXAS, ex rel. SHATISH PATEL, M.D., HEMALATHA VIJAYNA, M.D., and WOLLEY OLADUT, M.D.,**<br><br>*Plaintiffs*,<br><br>V.<br><br>**CATHOLIC HEALTH INITIATIVES, ST. LUKE'S HEALTH SYSTEM CORPORATION, ST. LUKE'S COMMUNITY DEVELOPMENT CORPORATION – SUGAR LAND, DAVID FINE, DAVID KOONTZ, and STEPHEN PICKETT,**<br><br>*Defendants*. | § § § § § § § § § § § § § § § § § § § §   **CIVIL ACTION NO. 4:17-CV-01817** |

## DEFENDANTS' REPLY TO THE STATE OF TEXAS' STATEMENT OF INTEREST

Defendants Catholic Health Initiatives, St. Luke's Health System Corporation, St. Luke's Community Development Corporation – Sugar Land, David Fine, David Koontz, and Stephen Pickett (collectively "Defendants") respectfully submit this Reply addressing the Statement of Interest ("SOI") filed by the State of Texas (the "State") in response to Defendants' Motion to Dismiss.

### ARGUMENT

Without seeking leave of the Court, or citing any statutory authority to do so, the State filed its SOI in response to Defendants' Motion to Dismiss, after that motion was fully briefed. The State spends most of its SOI attacking a strawman and challenging an assertion – that liability under certain provisions of the Texas Medicaid Fraud Prevention Act ("TMFPA")

61301951.4

requires the submission of a false claim – which Defendants never advanced. *See* Dkt. 31 p. 4-5. As Defendants recognize and explicitly stated in their Reply, liability under Tex. Hum. Res. Code §§ 36.002(1) and (2) is not predicated on the submission of a false claim, but instead hinges on false statements or misrepresentations. *See* Dkt. 29 p. 17-18.

Defendants did however argue that: "[n]umerous decisions from courts within the Fifth Circuit have specifically noted the overlap between language of the [False Claims Act] and TMFPA, the similar nature of the conduct that would violate both statues, and have analyzed defendants' liability under the TMFPA and FCA in tandem, not in isolation as Relators suggest." *Id*. p. 17 (internal citations omitted). This is an accurate statement that the State tries to discredit with no contrary authority.[1] In fact, the State's attempt to position the TMFPA as completely divorced from the False Claims Act is contradicted by a host of decisions, as well as the facts surrounding the enactment of the statute itself.[2] *See Texas v. Caremark, Inc.*, 584 F.3d 655, 657 (5th Cir.2009) (discussing alleged violations of the FCA and "analogous provisions of state law" including the TMFPA); *United States ex rel. Williams v. McKesson Corp.*, No. 3:12-CV-371-B, 2014 WL 3353247, at *4 (N.D. Tex. Jul. 9, 2014) (same); *United States v. Planned Parenthood Gulf Coast, Inc.*, 21 F. Supp. 3d 825, 830-31 (S.D. Tex. 2014) (same); *Waldmann v. Fulp*, No. 7:13-CV-495, 2016 WL 9711525, *38 (S.D. Tex. October 12, 2016) ("Like the FCA, the

---

[1] The SOI only offers old tropes about cannons of statutory interpretation, without providing a single decision that discusses the purportedly unique facets of the TMFPA. *See e.g.* Dkt. 31 p. 3-5.

[2] The TMFPA has been deemed compliant with 42 U.S.C. § 1396h, which allows the State to retain an increased share of TMFPA recoveries. To be deemed compliant, as determined by the Inspector General of the Department of Health and Human Services and the Department of Justice, the TMFPA must contain a provision that "establishes liability to the State *for false or fraudulent claims described in section 3729 of title 31*." In other words, the added damages recovery benefit the State receives *requires* that the TMFPA mirror or substantially overlap with the federal False Claims Act. The State cannot retain those added benefits while simultaneously arguing that the TMFPA is an entirely distinct creature of Texas law.

TMFPA is aimed at fraudulent statements made in connection with claims made to government payors").[3]

While the TMFPA admittedly includes language that is not part of the FCA or has some unique wrinkles and nuance, there are three substantial areas of overlap between the FCA and TMFPA provisions that are central to Relators' claims here.  Both the FCA and TMFPA require a plaintiff to adequately allege the presence of scienter,[4] falsity,[5] and materiality.[6]  Relators have not sufficiently pled any of those three elements in their Complaint. Contrary to the State's SOI, Defendants' arguments in their Motion to Dismiss, which address scienter, falsity and materiality in the context of the FCA, directly bear on Relators TMFPA claims, and warrant dismissal.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court dismiss Relators' Complaint with prejudice, including Counts V and VI which are based on the TMFPA.

---

[3] The State also makes the same argument Relators advanced – that the import of *Carroll* and *Williams* are somehow diminished because in those cases "the parties agreed that the FCA and TMFPA would be construed similarly." *See* Dkt. 31 p. 4.  This is nonsense.  If the *Carroll* and *Williams* courts believed the FCA and TMFPA were distinct enough statutes to be construed independently, those courts were obligated to analyze them separately irrespective of any agreement among the parties. *See WRT Creditors Liquidation Trust v. C.I.B.C. Oppenheimer Corp.*, 75 F. Supp. 2d 596, 608 (S.D. Tex. 1999) ("'[i]t is well-settled that a court is not bound by stipulations of the parties as to questions of law.'") (quoting *Overton v. City of Austin*, 748 F.2d 941, 957 n.19 (5th Cir. 1984)).

[4] Tex. Hum. Res. Code §§ 36.0011; 31 U.S.C. § 3729(b)(1).

[5] Tex. Hum. Res. Code §§ 36.002(1) and (2); 31 U.S.C. § 3729(a)(1)(A) and (B).

[6] Tex. Hum. Res. Code §§ 36.001(5-a); 31 U.S.C. § 3729(b)(4).

Dated:  December 8, 2017.                                Respectfully submitted,

**POLSINELLI PC**

By:  */s/ Andrew J. Ennis*
    P. John Brady (Attorney-In-Charge)
    Missouri State Bar No. 30183
    Federal ID No. 2818866
    Andrew J. Ennis
    Missouri State Bar No.57713
    Federal ID No. 3137530
    900 W. 48th Place, Suite 900
    Kansas City,  MO 64112
    (816) 374-0515 (Direct)
    (816) 817-0108 (Fax)
    JBrady@polsinelli.com

    Mark S. Armstrong
    Texas State Bar No. 01321900
    Federal ID No. 219390
    1000 Louisiana Street
    Fifty-Third Floor
    Houston, Texas 77002
    (713) 374-1660 (Direct)
    (713) 374-1601 (Fax)
    MArmstrong@polsinelli.com

    Asher D. Funk
    Illinois State Bar No. 6295022
    Federal ID No. 3138175
    150 N. Riverside Plaza, Suite 3000
    (312) 873-3635 (Direct)
    (312) 602-3919 (Fax)
    Afunk@polsinelli.com

**ATTORNEYS FOR DEFENDANTS**

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 8th day of December, 2017, a true and correct copy of the foregoing was electronically served on counsel for all parties properly registered to receive notice via the Court's CM/ECF system.

           */s/ Andrew J. Ennis*